IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **U.S. BANK NATIONAL ASSOCIATION**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 12 C 5598 |
| | ) |
| **CAPITAL REALTY & DEVELOPMENT,** | ) |
| **LLC**, an Illinois limited liability company and | ) |
| **RICHARD P. TURASKY, JR.**, individually, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

U.S. Bank National Association ("U.S. Bank") attempts to invoke diversity-of-citizenship jurisdiction to file this action against Capital Realty & Development, LLC ("Capital") and Richard P. Turasky, Jr. ("Turasky"). Because that effort is impermissibly flawed, so that U.S. Bank has failed to carry its burden of establishing subject matter jurisdiction here, this sua sponte memorandum order dismisses the Complaint and this action on jurisdictional grounds -- but with the understanding that if the present flaws can be cured promptly, the action might then be reinstated.

As to U.S. Bank itself, Complaint ¶ 1 properly identifies both components of its corporate citizenship under 28 U.S.C. § 1332(c)(1). Nor is any problem posed by Complaint ¶ 3, which alleges Turasky is an Illinois citizen. But all that Complaint ¶ 2 says as to Capital is this:

> Capital is an Illinois limited liability company that maintains its principal place of business at 385 Airport Road, Elgin, Illinois 60123.

As that language reflects, U.S. Bank's counsel has spoken only of facts that are jurisdictionally irrelevant when a limited liability company is involved. Those allegations ignore

nearly 14 years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by White Pearl Inversiones S.A. v. Cemusa, Inc., 647 F.3d 684, 686 (7th Cir. 2011) and by other cases cited there). And that teaching has of course been echoed many times over by this Court and its colleagues.

This Court has a mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). There is really no excuse for counsel's lack of knowledge of such a firmly established principle after well over a full decade's repetition by our Court of Appeals and others. Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly not only U.S. Bank's Complaint but this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with U.S. Bank and its counsel jointly obligated to pay a fine of $350 to the District Court Clerk if an appropriate Fed. R. Civ. P. 59(e) motion hereafter provides the missing information that leads to the vacatur of this judgment of dismissal.[1] Because this dismissal is attributable to U.S. Bank's lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

                                                                      */s/ Milton I. Shadur*
                                                                      Milton I. Shadur
                                                                      Senior United States District Judge

Date: July 20, 2012.

---

[1] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defects identified here turn out to be curable.