**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 12-cv-5598 |
| | ) | |
| CAPITAL REALTY & DEVELOPMENT, LLC, an Illinois limited liability company; and RICHARD P. TURASKY, JR., individually, | ) ) ) | Assigned Judge: Milton I. Shadur |
| | ) | |
| Defendants. | ) | |

## U.S. BANK NATIONAL ASSOCIATION'S MOTION FOR ENTRY OF AN ORDER MODIFYING CERTAIN CHARGING ORDERS AND FOR TURNOVER

NOW COMES U.S. Bank National Association ("U.S. Bank"), by Robbins, Salomon & Patt, Ltd., its attorneys, and for its Motion for Entry of an Order Modifying Certain Charging Orders and for Turnover, states as follows:

1. On November 28, 2012, this Court entered a judgment in favor of U.S. Bank and against Capital Realty & Development, LLC and Richard P. Turasky, Jr., individually, (collectively, "Judgment Debtors"), jointly and severally in the amount of $1,421,268.15, plus interest at the rate of $383.31 per day from October 9, 2012 until the date the judgment is satisfied in full, in addition to attorneys' fees and costs in the amount of $15,517.61 and $610.00.

2. On August 26, 2013 this Court entered an Order Entering Charging Orders against Judgment Debtor Turasky's alleged interests in various limited liability companies as set forth in the Order (the "Charging Order"). [Doc. No. 60].

3. The Charging Order charged Turasky's alleged distributional interest in various entities, including but not limited to Country Club Homes, LLC.

1

10G5887

4. Country Club Homes, LLC is the owner of record of a home located at 5N753 Sycamore Avenue, Medinah, Illinois 60157 (the "Medinah Home"). The Medinah Home is currently under contract for a sale price of $575,000.00, with estimated net proceeds of $498,000.00 to be disbursed to Country Club Homes, LLC or its assigns upon closing of the sale. Plaintiff has been advised that a closing is scheduled to take place on Friday, January 23, 2015 at 11:30 a.m.

5. Plaintiff is also advised that Turasky has managerial authority over the operations of Country Club Homes, LLC and seeks to sell the Medinah Home and to further cause the net proceeds of that sale to be transferred to Plaintiff. However, Turasky has purportedly conditioned payment of the proceeds to Plaintiff upon Plaintiff's agreement to apply the net proceeds to a previously negotiated, but long since expired, settlement amount instead of the outstanding judgment balance.

6. On or about July 11, 2014, Plaintiff and Judgment Debtors entered into a confidential Settlement and Release Agreement wherein the parties agreed they would cooperate with one another to the extent reasonably necessary, including modification of the Charging Order, to liquidate certain assets to effectuate the payment required by the Settlement Agreement on or before a date certain.

7. Subsequent to the entry of the Settlement Agreement, Judgment Debtors failed to make the full settlement payment within the time period set forth therein. The Settlement Agreement has never been modified to extend the period for payment and because the Settlement Agreement has been materially breached, Plaintiff is entitled to recover and is under no obligation to apply partial payments to any amount due other than the outstanding judgment amount.

2
10G5887

8. Plaintiff has agreed to cooperate and consent to the modification of the Charging Order against Country Club Homes, LLC so that Country Club Homes, LLC may sell the Medinah Home to a third party to occur on January 23, 2015. However, Plaintiff requests this Court enter a concurrent turnover order of all net proceeds from the sale to Plaintiff in partial satisfaction of the outstanding judgment amount.

9. Accordingly, Plaintiff requests the Court to enter an Order modifying the Charging Order against Country Club Homes, LLC sufficient to permit the sale to close, and enter an Order directing Country Club Homes, LLC to promptly direct the net proceeds of the sale to be turned over to Plaintiff, which Plaintiff will then apply towards the outstanding judgment balance.

WHEREFORE, U.S. Bank National Association respectfully requests that this Court enter the Proposed Order Modifying Charging Orders in the form attached hereto as Exhibit 1, deny any Motion brought by Judgment Debtors attempting to condition payment of the proceeds of the sale upon an agreement by Plaintiff to revive or otherwise modify the Settlement Agreement, and for any further relief as this Court deems just.

                        U.S. BANK NATIONAL ASSOCIATION

                By:    /s/ Vincent T. Borst
                            One of its Attorneys

Vincent T. Borst (ARDC No.: 06192904)
Catherine A. Cooke (ARDC No.: 6289263)
ROBBINS SALOMON & PATT, Ltd.
180 North LaSalle Street, Suite 3300
Chicago, IL 60601
(312) 782-9000 Telephone
(312) 782-6690 Facsimile
vborst@rsplaw.com
ccooke@rsplaw.com

# CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he served a true copy of the above **U.S. BANK NATIONAL ASSOCIATION'S MOTION FOR ENTRY OF AN ORDER MODIFYING CERTAIN CHARGING ORDERS AND FOR TURNOVER** upon the parties listed below, via electronically filing same with the Clerk of the Court using the CM/ECF system on July 24, 2014, which will send a copy of said filing to all counsel of record by electronic mail as follows:

| | |
|---|---|
| Craig Edward Donnelly | Lawrence W. Byrne |
| Roberts McGivney Zagotta LLC | Trent P. Cornell |
| 55 West Monroe | Pedersen & Houpt |
| Suite 1700 | 161 N. Clark St. |
| Chicago, IL 60603 | Suite 3100 |
| cdonnelly@rmczlaw.com | Chicago, IL 60606 |
| | lbyrne@pedersenhoupt.com |
| | tcornell@stahlcowen.com |

By:   /s/  Vincent T. Borst